IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAORLINA
STATESVILLE DIVISION
CASE NO.: 5:10-cv-0132-RLV-DSC

ELIJAH LAWRENCE MOSELY, and wife )
SALLIE ARD MOSELY, )
)
      Plaintiffs, )
) **MEMORANDUM & ORDER**
      v. )
)
BALBOA INSURANCE COMPANY AND )
NEWPORT INSURANCE COMPANY, )
)
      Defendants. )
)

**THIS MATTER** is before the Court on Defendants' Balboa Insurance Company and Newport Insurance Company[1] ("Defendants") Amended Motion to Dismiss for Lack of Standing pursuant to Federal Rule of Civil Procedure 12(b)(1), filed with this Court on December 19, 2011. Defendants filed a Memorandum in Support on December 19, 2011. Plaintiffs' Elijah Lawrence Mosely and Sallie Ard Mosely ("the Moselys") filed a Memorandum in Opposition on February 28, 2012. Defendants filed a Reply on March 19, 2012.

## I.    PROCEDURAL HISTORY

This civil action was initially filed by the Moselys in the Superior Court of Catawba County, North Carolina alleging claims for unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75.1.1, et. Seq.. (Doc. 1 at 1.) The action arises out of an insurance claim for storm damage to the Moselys' home on or about July 22, 2008. *Id*. Defendants were served with the Civil Summons and Complaint on August 9, 2010. (*Id.* at 2.)

---

[1] Newport Insurance Company is a subsidiary of Balboa Insurance Company. (Doc. 3 at 1.)

On September 8, 2010, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1332(a)(2), 28 U.S.C. § 1441(a), and 28 U.S.C § 1446(a)(b). Removal was proper and this Court has diversity jurisdiction as the Moselys are citizens of the State of North Carolina, (Doc. 1-1 at 19), Defendant Balboa Insurance Company is a corporation organized under the laws of the State of California with its principal place of business in Irvine, California, and Defendant Newport Insurance Company is a corporation organized under the laws of the State of Arizona with its principal place of business in Irvine, California. (Doc. 1 at 2.) In the Complaint, the Moselys request compensatory damages in the sum of $52, 604.00, to be trebled pursuant to N.C.G.S. § 75.16, together with attorney's fees to be awarded pursuant to N.C.G.S. § 75.16.1. (Doc. 1-1 at 19.)

On October 5, 2010, Defendants timely filed their Answer to the Complaint. (Doc. 6.) The parties submitted a proposed discovery plan on November 3, 2010, and the Court entered a Pre-trial Order and Case Management Plan on November 4, 1010. (Doc. 20, at 2.) The parties participated in discovery and conducted a mediated settlement conference on December 14, 2011, resulting in an impasse. (Doc. 17.)

The Court now addresses Defendants' Amended Motion to Dismiss for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 23.)

## II.     STANDARD OF REVIEW

As standing "is a fundamental component of a court's subject-matter jurisdiction," a defendant may properly challenge a plaintiff's standing by way of a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Miller v. Augusta Mut. Ins. Co.*, 157 Fed. Appx. 632, 635 (4th Cir. 2005) ("The concept of

standing -- which requires that the plaintiff have a sufficiently personal stake in the outcome of the litigation -- forms an indispensable part of the Article III case-or-controversy requirement.")

When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768-69 (4th Cir. 1991), *cert. denied*, 503 U.S. 984, 112 S.Ct. 1667, 118 L.Ed.2d 388 (1992). However, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id*.

### III. DISCUSSION

A. Background

The parties relevant to this suit are the Moselys, Countrywide Home Loans, a creature of Countrywide Corporation Financial ("Countrywide"), and Newport Insurance Company and Balboa Insurance Company ("Defendants").[2] The Moselys own a house located at 4037 Tower Road, town of Maiden, Lincoln County, North Carolina. Countrywide held a mortgage on the

---

[2] It must be noted, at least in passing, that the underlying constitution of the parties involved in this case presents potentially troublesome complications, which may have implications for the playing out of this case. The loss was incurred on July 22, 2008. Deposition testimony has been taken to the approximate effect that on or about the time when the facts of this case were developing Bank of America acquired Countrywide, the lender-mortgagee, which wholly owned Newport, which was a subsidiary of Balboa, both of which are Defendant-insurers, the latter of which was merging into QBE the Americas (initials for "Queensland bankers Equities," an Australian company). (Doc. 31-1 at 8-12, 21.) The Court does not purport here to outline if or to what extent these eventualities, whether accurately described or not (the deponent himself seemed unsure precisely how the entities were aligned), might have any bearing on the case before it. It would seem that if the lender and insurer resided under the same corporate umbrella at relevant times, awkward questions of independence of judgment and conflict of interest could arise with respect to the duties owed among the various entities involved. The Court, of course, makes no attempt with this order to unravel any such complexities that might exist or suggest that it has any opinion concerning them. Any such attempt would obviously be preceded by a hearing or other proceedings taken at the behest of the parties.

house. Newport Insurance Company ("Newport") issued a Lender Placed Mortgage Protection Policy ("Insurance Policy") to Countrywide in 2006 with the only insured party listed as Countrywide. (Doc. 20-2.)

On July 22, 2008, a windstorm blew a tree down causing damage to the roof and other parts of the Moselys' house. (Doc. 1-1 at 8.) On July 23, 2008, the Moselys submitted to Newport a claim arising out of the storm damage. (Doc. 1-1, ¶ 9.) Newport responded by creating a claim file and sent a letter of notification to the Moselys and Countrywide. *Id.*

On September 5, 2008, after the property was evaluated by an independent adjuster and engineer, Newport issued payments in the amount of $12, 272.30 to Countrywide. (Doc. 20 at 4.) Countrywide then released these insurance proceeds to the Moselys to make necessary repairs to the house. *Id.*

On or about October 7, 2008, the Moselys reported water intrusion and mold damage in the house to Newport. As a result of these discoveries, Plaintiff's contend that the damages to the house exceed the $12,272.30 previously issued under the insurance policy. *Id.* Newport disagrees with this contention leading to the present suit.

B. Arguments of the Parties

Defendants argue that the Moselys lack standing for any legal claim that is founded on rights provided by the insurance policy because the Moselys were never in privity of contract to the insurance policy. They contend that the Moselys cannot skirt the privity requirement on grounds that the Moselys were intended third party beneficiaries to the insurance policy. Specifically, Defendants claim that Countrywide was the only party listed as "insured" throughout the entire contract. (Doc. 20-2.) Express language in the contract provides that the Moselys are not to be considered "an insured" or "an additional insured," and indeed disclaims

such a status for Plaintiffs.[3] (Doc. 20 at 11.) Moreover, according to Defendants, the Moselys fail to satisfy the elements of an intended third party beneficiary claim pursuant to North Carolina contract law.[4] (Doc. 20 at 7.)

The Supreme Court has established the "irreducible constitutional minimum of standing" as: 1) an injury in fact to the plaintiff, defined as an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent; 2) a causal connection between the injury and the conduct complained of; and, 3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). The Court infers that the Defendants' motion is based on an absence of "injury in fact," defined as "an invasion of a legally protected interest." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992).

In their Memorandum in Opposition, the Moselys argue that they were insured under the insurance policy between Countrywide and Defendants notwithstanding the explicit language of the policy to the contrary. Alternatively, the Moselys argue that they were intended third party beneficiaries to this insurance policy. In support of their arguments, they note that they paid the premiums on the policy (*Id.* at 4), and that an endorsement to the insurance policy provides for payment to be made to the Moselys' as mortgagors in legal possession of the insured property. (*Id.* at 2.)

---

[3] The language reads: "Notwithstanding the foregoing, nothing contained in this endorsement shall make a Mortgagor in legal possession of the insured Residential Property or Commercial Property an insured or an additional insured under this Policy," Doc. 20-2, Pg. 29).
[4] Those elements are: 1) the existence of a contract between two other persons, 2) that the contract was valid and enforceable; and, 3) that the contract was entered into for the claimants direct, not incidental, benefit. *Metric Constructors, Inc.* v. *Industrial Risk Insurers*, 102 N.C. App. 59, 63, 401 S.E.2d 126, 129 (1991).

C. Analysis

The Moselys claim that the Defendants' actions constitute unfair or deceptive acts or practices in or affecting commerce in violation of North Carolina General Statute § 75-1.1. The North Carolina Court of Appeals has held that an action based on N.C.G.S. § 75-1.1, by a third party claimant against an insurance company, is proper in three situations: (1) where the third party is insured under the insurance policy, (2) the third party is in privity of contract with the insurance policy, or (3) third party is an intended third party beneficiary of the insurance policy. *Prince v. Wright*, 141 N.C. App. 262, 269-70, 541 S.E.2d 191, 197 (2000).

    a. The Moselys' Status as an Insured and Privity of Contract

North Carolina courts have stated that where an insurance policy is not ambiguous, "the Court must strictly construe the policy without resort to extrinsic evidence" to avoid an "impermissible judicial revision of the insurance policy." *Metric Constructors, Inc. v. Indus. Risk Insurers*, 102 N.C. App. 59, 62, 401 S.E.2d 126, 128 *aff'd*, 330 N.C. 439, 410 S.E.2d 392 (1991).

Here, the insurance policy is not ambiguous and is construed by this Court to include only Countrywide as an insured party and include only Countrywide and Newport as named parties to the insurance policy. The insurance policy recognizes the status of "mortgagor in possession" of the property as distinct from that of "an insured." (*See* Fn. 2). Additionally, the insurance policy and all amendments[5] to the policy consistently list Countrywide as the only insured party. (Doc. 20-2.) Plaintiffs are not in privity with the other contracting parties.

---

[5] The actual policy uses the term "endorsement" for amendments to the insurance policy. The terms are interchangeable.

b. Intended Third Party Beneficiary Status

Generally, intended third party beneficiary status is an exception to the requirement for privity of contract to enforce contractual rights. This exception, allowing a party "not in privity of contract to bring an action in their own name to enforce the contract made for their benefit was recognized in North Carolina as early as 1842." *Vogel v. Reed Supply Co.*, 277 N.C. 119, 126, 177 S.E.2d 273, 278 (1970) (citing *Cox v. Skeen*, 24 N.C. 220 (2 Ired.L.), 38 Am.Dec. 691). Additionally, as stated above, N.C.G.S § 75-1.1 provides a right to an intended third party beneficiary to sue an insurance company pursuant to the contract for insurance.

In *Vogel*, the North Carolina Supreme Court expressly approved the American Law Institute's Restatement of Contracts as the appropriate framework for analyzing third party beneficiary status. *Id.* at 127-128, 278.

> Third party beneficiaries are divided into three groups: Donee beneficiaries, where it appears that the 'purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary'; Creditor beneficiaries, where 'no purpose to make a gift appears' and 'performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary'; and Incidental beneficiaries, where the facts do not appear to support inclusion in either of the above categories. While duties owed to donee beneficiaries and creditor beneficiaries are enforceable by them, a promise of incidental benefit does not have the same effect. 'An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee.'

*Id.* at 127, 278.[6]

Therefore, the decision to be made is whether the Moselys fall into one or more of the third party beneficiary groups. If the Moselys are donee or creditor beneficiaries, they are third party beneficiaries with standing to sue pursuant to N.C.G.S. § 75-1.1. If the Moselys are incidental beneficiaries, they have no rights to enforce under the insurance policy and they lack standing. Plaintiffs do not contend that Countrywide had an intention of making any sort of gift

---

[6] Later editions of the Restatement do not materially later this quoted language.

to the Moselys, nor do the facts support such a contention. Therefore, the decision must now focus on whether Plaintiffs have the status of creditor beneficiary.

A North Carolina Court of Appeals case, *Holshouser v. Shaner Hotel Grp. Properties One Ltd. P'ship*, is instructive.134 N.C. App. 391, 518 S.E.2d 17 (1999) *aff'd*, 351 N.C. 330, 524 S.E.2d 568 (2000). *Holshouser* provides that a plaintiff is a third party beneficiary[7] if "she can show (1) that a contract exists between two persons . . . ; (2) that the contract is valid and enforceable; and (3) that the contract was executed for the direct, and not incidental, benefit of the plaintiff." *Id.* at 399-400, 518 S.E.2d at 25. A direct benefit for the plaintiff exists where "the contracting parties intended to confer a legally enforceable benefit on that person." *Id.* at 400, 25. "The question of whether a contract was intended for the benefit of a third party is generally regarded as one of construction of the contract. The intention of the parties in this respect is determined by the provisions of the contract, construed in light of the circumstances under which it was made and the apparent purpose that the parties are trying to accomplish." *Johnson v. Wall*, 38 N.C. App. 406, 410, 248 S.E.2d 571, 574 (1978) (citations omitted.) The actual language of the contract is to be construed strictly against the party seeking such enforcement. *Holshouser*, 134 N.C. App. at 400, S.E.2d at 25.

It is not disputed that a valid and enforceable contract exists between Countrywide and Newport. Additionally, this Court finds that the actual language of the insurance policy and the surrounding circumstances "confer a legally enforceable benefit" to the Moselys as intended third party beneficiaries.

---

[7] Pursuant to the Restatement of Contracts' definition provided above, the term "third party beneficiary" technically includes incidental beneficiaries that have no enforceable rights under a contract. The Court in *Holshouser*, uses this general term "third party beneficiary," but is it is clear from the facts and context that the Court is only discussing those intended third party beneficiaries with enforceable rights under the contract: donee and creditor beneficiaries.

Looking to the actual language of the insurance policy, the June 10, 2002, endorsement explicitly states that a benefit will be conferred to a mortgagor in possession of the property.

> Loss or damage, if any, shall be adjusted with and made payable to YOU.[8] In the event that the covered amount of a covered loss exceeds Your interest in the covered property and a mortgagor is in legal possession of the insured Residential Property … at the time of payment for loss or damage, payment will be made to You and the ***mortgagor***.
>
> You warrant that any payments made to You will be used to repair or replace the damaged or destroyed Residential Property … if the ***mortgagor*** is in legal possession of such property and the mortgage loan is not in default.

(Doc. 20-2 at 29) (emphasis added.)

The first paragraph provides for payment of insurance proceeds to Countrywide ***and the Moselys*** if the covered property suffers loss or damage, the loss or damage qualifies as a covered loss under the policy, and the qualifying loss or damage totals a monetary amount in excess of Countrywide's interest in the property provided that the Moselys are in legal possession of the house at the time of the loss or damage.

The meaning of the second paragraph is straightforward: any payments to Countrywide by Newport, pursuant to the insurance policy, must be used to repair or replace the covered property of the mortgagor so long as the mortgagor is in legal possession of the property and the loan is not in default.

The instant motion presents the narrow issue of whether Plaintiffs have standing to sue Defendants upon their claim for unfair and deceptive trade practices arising out of allegedly improper settlement practices of the Defendants in respect of a policy of insurance. The Plaintiffs would not ordinarily be held to have standing on the facts of this case as they are not insured under the policy. The policy itself states as much. As recited above, however, the Restatement of Contracts is recognized by North Carolina as permitting suit where a term of the

---

[8] The words "YOU" and "Your" refer to the insured party under the insurance policy, namely Countrywide.

insurance policy provides a direct benefit to persons such as Plaintiffs. Such a direct benefit is presented on these facts. The policy as amended calls for direct payment to a third party beneficiary whose status is that of mortgagor in possession who is not in default on the underlying loan, where the proceeds payable under the policy exceed the amount payable to the mortgagee. (Doc. 22-1 at 29). The Plaintiffs enjoy that very status.

Defendants insist that a claim of unfair and deceptive trade practices does not lie when brought by a third party who is neither an insured nor in privity with the carrier under the policy, citing *Wilson v. Wilson*, 121 N.C. App. 662, 665, 468 S.E.2d 495, 497 (1996). That position is correct as far as it goes, but it does not answer the question of whether the reasoning in *Wilson* applies in the case of a claim brought by plaintiffs recognized as direct third party beneficiaries under the language of the Restatement. In any event this defense goes to the merits of Plaintiff's claim and not to the preliminary question of standing.

Plaintiffs cite various facts such as their payment of premiums and the mortgagee's obligation to devote its portions of proceeds to repair of the collateral—Plaintiffs' residence. However, these associations of Plaintiffs with the policy can be considered with relative ease to be "incidental" in the language of the Restatement. By contrast, the policy provision requiring Defendants to make payment exclusively and explicitly to Plaintiff-owners of a sum of money found to be part of the covered loss but exceeding the mortgagee's interest can only be said to be a direct interest of Plaintiffs.[9]

Defendants stress the fact that the lender's policy at issue here specifically excludes anyone other than the mortgagee, Countrywide, as having the status of an "insured" or "additional insured." The policy language, however, does not exclude or otherwise deal with the

---

[9] Although the insurer's check is to be made out jointly to the insured and mortgagors in possession, the funds would belong solely to the Plaintiffs, since by definition the amount payable would exceed the level of the mortgagee's interest.

status of one holding the position of a direct third party beneficiary as contemplated by the Restatement. *Cf. Holshouser*, 351 N.C. at 400, 519 S.E.2d at 25 (In *Holshouser*, the policy in question explicitly stated that the plaintiffs were not third party beneficiaries and the North Carolina Court of Appeals found this provision dispositive as to third party beneficiary status.) None of the cases cited by Defendants turns on a clause in the policy having a direct benefit to claimant such as that present here.

Defendants contend that they should prevail on the motion nevertheless because at least part of Plaintiff's claimed covered loss consists of mold damage, which is specifically excluded from coverage under the policy terms. Once again, however, this goes to the merits of the claim and not standing. In the present posture of the case the amount of the covered loss still unpaid by Defendants remains an issue for proof. It is the policy language establishing the potential for that covered loss to exceed the interest of the mortgagee that provides standing.

Once jurisdiction is challenged, the burden of proof is on the nonmoving party to set forth specific facts supporting subject matter jurisdiction. *Richmond, Fredricksburg & Potomac R. Co.*, 945 F.2d at 768-69. Based on the pleadings and evidence outside the pleadings, the Moselys have met this burden. *Evans,* 166 F.3d at 647.

### c. ORDER

For these reasons, Defendants Motion to dismiss pursuant to Rule 12(b)(1) is hereby **DENIED.** (Doc. 23.)

Signed: November 5, 2013

Richard L. Voorhees
United States District Judge